# FILED

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

FEB 24 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ABDUL MOHAMMED )
_____ )
_____ )
                      )
_____ )   CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
                      )
                      )   **1:16-cv-02537**
          v.          )   **Judge John Z. Lee**
                      )   **Magistrate Judge Jeffrey Cole**
uber Technologies Inc, Rasier LLG, )
                      )
Travis Kalanick, Ryan Graves )
                      )
and Garret camp. )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Abdul Mohammed_ of the

county of _Du Page_ in the state of _Illinois_.

3. The defendant is _uber Technologies Inc, Rasier LLC, Travis Kalanick, Ryan Graves and Garret camp_, whose

street address is _1455 Market St, 4th Floor_,

(city)_San Francisco_ (county)_San Francisco_ (state) _CA_ (ZIP) _94_

(Defendant's telephone number) (___) _unknown_

4. The plaintiff sought employment or was employed by the defendant at (street address)

_370 North carpenter St_ (city) _Chicago_

(county) _cook_ (state) _IL_ (ZIP code)_____

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) June , (day) 15 , (year) 2015 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑ *has not*     filed a charge or charges against the defendant ☐ *has* asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____ .

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____ .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2     The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____ (day) _____ (year) _____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify):_____

_____

4

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

The defendants discriminated against the plaintiff based on his immigration status. The defendants violated 18 U.S.C. 1324 (B).

_____

_____

_____

14.    *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☑     Direct the defendant to hire the plaintiff.

(b) ☑     Direct the defendant to re-employ the plaintiff.

(c) ☑     Direct the defendant to promote the plaintiff.

(d) ☐     Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐     Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑     Direct the defendant to (specify): Pay damages.

_____

5

_____

_____

_____

_____

(g) ☑    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_M. A_____

(Plaintiff's name)

Abdul Mohammed_____

(Plaintiff's street address)

258 E. Bailey Rd, Apt 'C'_____

_____

(City) Naperville (State) IL (ZIP) 60565

(Plaintiff's telephone number) (630) 597 3098_____

Date: 02/24/2016_____

6

1
Abdul Mohammed
258 East Bailey Rd Apt C
2
Naperville, IL 60565
Ph.-:630-597-3098
3
aamohammed@hotmail.com

4
**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

5
| ABDUL MOHAMMED, | Case No.: |
|---|---|
| PLAINTIFF, | |
| vs. | |
| UBER TECHNOLOGIES INC, RASIER LLC, AND/OR THEIR PARENT, SUBSIDIARIES AND AFFILIATES (COLLECTIVELY "UBER"), TRAVIS KALANICK, GARRET CAMP, RYAN GRAVES INDIVIDUALLY AND AS AGENTS, SERVANTS, AND EMPLOYEES OF UBER TECHNOLOGIES INC AND RASIER LLC, JOHN AND JANE DOE STAKEHOLDERS OF UBER TECHNOLOGIES INC AND RASIER LLC 1-100, JOHN AND JANE DOE SHAREHOLDERS OF UBER TECHNOLOGIES INC AND RASIER LLC 1-100, AND JOHN AND JANE DOE OWNERS OF UBER TECHNOLOGIES INC, RASIER LLC 1-100, | COMPLAINT WITH JURY DEMAND |
| DEFENDANTS | |

15
**PARTIES**
1. The plaintiff was a resident of the State of Illinois at all times when his exploitation as an employee by
16
the defendants happened and when violations of various federal and state laws and statutes by the
defendants occurred.
17
2. The plaintiff continues to reside in the State of Illinois.
3. At all times material, defendant "Uber Technologies, Inc." was and continues to be a Delaware
18
Corporation, authorized to conduct business and conducting business in the State of Illinois, with its
principal place of business located at 370 North Carpenter St, Chicago, Illinois, 60607.
19
4. The defendant Rasier LLC was and continues to be a Delaware Limited Liability Corporation,
authorized to conduct business and conducting business in the State of Illinois, with its principal place
20
of business located at 370 North Carpenter St, Chicago, Illinois, 60607.
5. The defendants "Uber Technologies, Inc." and "Rasier LLC has their registered agent's office in Illinois
21
located at 208 South LaSalle, Suite 804, Chicago, IL 60604.
6. The defendants "Uber Technologies, Inc." and "Rasier LLC has their corporate office located at 1455
22
Market St, 4th Floor, San Francisco, CA 94103.
7. The defendants Travis Kalanick, Garrett Camp and Ryan Graves are residents of California.

23

24

COMPLAINT WITH JURY DEMAND - 1

8. The addresses of the John and Jane Doe defendants are unknown.

## JURISDICTION

1. Plaintiff brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

2. The court has original jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff assert claims that arise under the laws of the United States.

3. The court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to plaintiff's federal-question claims that they form part of the same case or controversy.

4. This court has personal jurisdiction over "Uber" at least by virtue of "Uber" having conducted and presently conducting business in this district and/or having committed one or more acts of violation in this district and by virtue of the plaintiff being the resident of this district at all given times of the violations in this complaint.

## FACTUAL BACKGROUND

Plaintiff(s), Abdul Mohammed currently residing in the City of Naperville, in the State of Illinois, by way of complaint against the defendants says:

1. On or about August 03, 2014, plaintiff and the defendants entered into a contract for plaintiff's service as an employee at $50.00/Hour and as a partner in equity of Uber Technologies Inc.

2. The defendants informed the plaintiff that equity will be a big one on par with other defendant's employee namely Ryan Graves.

3. The defendants showed the plaintiff a tweet from CEO and Co-Founder of "Uber", Travis Kalanick, in which he advertised a job posting for a Start-Up and the tweet promised a "Big Equity".

4. The defendants paid neither the promised $50.00/Hour nor the equity to the plaintiff.

5. The plaintiff upon not receiving the promised $50.00/Hour and the promised equity in Uber Technologies Inc. wanted to leave Uber's employment. However, the defendants held him in their employment with false promises of paying all the back wages and equity.

6. The defendants made false promises to the plaintiff of paying back wages and the equity repeatedly.

7. The defendants by means of a scheme, plan and pattern of false promises of paying back wages and the equity forced the plaintiff into forced labor, involuntary servitude and peonage.

8. The plaintiff kept working for the defendants in hope of recovering back wages as the plaintiff had purchased a car on monthly payments in order to work for the defendants.

9. The plaintiff also incurred other costs such as gas, tolls and vehicle repairs in order to work and keep working for the defendants.

1  10. The defendants by indulging in fraud and false promises pushed the plaintiff into debt and made it infeasible for him to leave the employment.

2

3  11. In this manner, the defendants obtained forced labor, involuntary servitude and peonage from the plaintiff.

4  12. The defendants by means of a scheme, plan and pattern made the plaintiff to perform labor services and made it infeasible for the plaintiff to leave the job.

5

6  13. The defendants also tried to bind the plaintiff in an auto loan contract at an exorbitant interest rate in order to inflict more peonage on the plaintiff by scheme, plan and pattern.

7  14. During his employment, the plaintiff was engaged in Concerted Protected Activity in order to improve working conditions.

8

9  15. The defendants denied the plaintiff the right to engage in Concerted Protected Activity and in turn violated National Labor Relations Act.

10  16. The defendants forced the plaintiff to provide transportation service to the defendants' clients who were smoking illegal drugs and narcotics whilst riding in the plaintiff's vehicle.

11

12  17. The plaintiff was forced to provide service to the to the defendants clients who were smoking illegal drugs and narcotics.

13  18. When the plaintiff protested against providing service to the defendants' clients who were smoking illegal drugs and narcotics whilst in the plaintiff's vehicle.

14

15  19. The defendants also discriminated against the plaintiff in promoting him when other employees similarly situated were promoted.

16  20. The defendants retaliated against the plaintiff for filing discrimination charge with Illinois Department of Human Rights and for Concerted Protected Activity and terminated his employment.

17

18  21. The plaintiff is not asserting his employment discrimination claims, which are pending with Illinois Department of Human Rights and City of Chicago Commission on Human Relations and the violation of NLRA claim with NLRB in this complaint as those charges are pending with the concerned tribunals.

19

20  22.The defendants employed and continue to employ almost one million undocumented immigrants and Non-immigrants who are not authorized to work in United States against the protest of the plaintiff and in violation of the 8 U.S. Code § 1324(a) and in turn violated the **RICO Act**.

21

22  23. The defendants are currently recruiting undocumented immigrants and Non-immigrants who are not authorized to work in United States in hundreds of thousands.

23

24

COMPLAINT WITH JURY DEMAND - 3

24. The defendants offered the plaintiff a fee ranging from $500.00 to $1,000.00 per undocumented immigrant or a Non-immigrant who is not authorized to work in United States.

25. The defendants informed the plaintiff about this offer verbally as well as via numerous emails and text messages.

26. The defendants informed the plaintiff that, "Uber" is aware of the fact that majority if its employees are the undocumented immigrants and Non-immigrants who are not authorized to work in United States.

27. The defendants informed the plaintiff that only requirements for the undocumented immigrants and Non-immigrants who are not authorized to work in United States to work for "Uber" would be a Social Security Number, Driver's License and a Bank Account.

28. The defendants engaged in a pattern of racketeering by knowingly hiring almost one million undocumented immigrants and Non-immigrants who are not authorized to work in United States and brought down the wages and working conditions of United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

29. By indulging in racketeering the defendants caused great harm to United States Citizens, Permanent Resident Aliens and other legal immigrant including the plaintiff who are authorized to work in United States.

30. The intentional harm inflicted on the United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States is financial, physical and emotional in nature.

31.The defendants not only hired undocumented immigrants and Non-immigrants who are not authorized to work in United States but they also paid them a fee ranging from $500.00 to $1000.00 to recruit more undocumented immigrants and Non-immigrants who are not authorized to work in United States.

32. The fee of $500.00 to $1000.00 was paid by the defendants for each undocumented immigrant and Non-immigrant who is not authorized to work in United States.

33. The defendant's managers and executives were regularly informed that the drivers they are hiring were undocumented immigrants and Non-immigrants who are not authorized to work in United States.

34. The defendants also advertised the driver jobs in other countries. The defendants advertised job postings in local newspapers in Cuba, Mexico, South America, Central America, India, Pakistan, Bangladesh, Nepal and rest of the world.

35. The plaintiff has the documented evidence of the defendant's job postings in foreign newspapers in various foreign languages.

36. These job postings in local newspapers in foreign countries in various foreign languages acted as "Concrete Employment Offers" and in turn enticed these foreign nationals to enter into United States of America by land, by sea or by air.

37. These foreign nationals encouraged and enticed by the available unskilled jobs in United States, entered into United States by applying and receiving Non-Immigrant Visas at various United States Missions across the globe.

38. Many of the foreign nationals entered into United States of America without inspection by sea or by land. The undocumented immigrants and Non-immigrants who are not authorized to work in United States, who were already present in United States or who had recently arrived were transported within United States of America to underserved areas with a promise of extra bonus.

39. These "Extra Bonus" acted as the vehicle for these undocumented immigrants and Non-immigrants who are not authorized to work in United States to move within United States.

40. The defendants knowingly and with intent to defraud solicited, recruited and hired foreign nationals from outside the United States and inside the United States.

41. The defendants also caused other persons to solicit, recruit and hire undocumented immigrants and Non-immigrants who are not authorized to work in United States, who were already present in United States and foreign nationals from outside the United States for purposes of employment by means of materially false or fraudulent pretenses, representations and promises regarding that employment.

42. The defendants violated the following State and Federal Laws and Statutes.
- Peonage (18 U.S. Code § 1581)
- Forced Labor (18 U.S. Code § 1589)
- Involuntary Servitude (18 U.S. Code § 1584)
- Unlawful Bringing of Aliens into United States of America (8 U.S. Code § 1323)
- Unlawful Bringing In and Harboring Certain Aliens (8 U.S. Code § 1324)
- Unlawful Employment Of Aliens (8 U.S. Code § 1324(a))
- Unfair Immigration-Related Employment Practices (8 U.S. Code § 1324(b))
- Fraud in Foreign Labor Contracting (18 U.S. Code § 1351(a))
- Fraud and Misuse of visas, permits and documents  ( 18 U.S. Code § 1546)
- Conspiracy to defraud The United States of America ( 18 U.S. Code § 371)
- Violation of (18 U.S. Code § 1593 (a))
- Prohibited Activities  ( U.S. Code § 1962)
- False Claims Act (31 U.S. Code § 3729)
- Alien Tort Claims Act (28 U.S. Code § 1350)
- Violation of the Thirteenth Amendment
- Racketeer Influenced and Corrupt Organizations (**RICO**) Act (8 U.S. Code §§  1961 -1968)
- Breach of The Implied Covenant of Good Faith and Fair Dealing

COMPLAINT WITH JURY DEMAND - 5

1
- Violation of The Affordable Care Act
2
- Illinois Workers Compensation Act (820 ILCS 305/1)
- Intentional Infliction Emotional Distress

3
### EFFECTS OF ABUSE ON PLAINTIFF'S PHYSICAL AND MENTAL HEALTH
4
The workplace abuse which plaintiff suffered at "Uber" produced a wide range of physical and psychological problems in plaintiff.

5
- **Psychological Harm-:** As a victim of workplace abuse at "Uber" the plaintiff experienced higher levels of general stress and anxiety, symptoms including insomnia, constant worry, daily sadness, irritability, extreme fatigue, lack of interest in things that interested the plaintiff in the past, lack of motivation, poor appetite, crying spells, nightmares, feelings of hopelessness and worthlessness. Abuse at "Uber" resulted in acute mental health symptoms and diagnosable disorders. The plaintiff suffered with mental health problems such as depression, anxiety, mood disorders, dissociation and post-traumatic symptoms. The plaintiff developed symptoms compatible with the diagnosis of post-traumatic disorder, somatization and depression. Working in stressful conditions produced chronic trauma, which consisted of multiple stressful events that accumulated over time and combined with toxic environment—multiplied the maladaptive effects of the traumatic events. Significantly, personality changes occurred in the plaintiff when these traumatic experiences were added to the cumulative effect of repeated psychological abuse and deprivation. The plaintiff's personal and emotional growth was stunned when his identity was organized around internal distress, fear and sense of fragility.

6

7

8

9

10

11

12
- **Social Harm-:** The experience of abuse at "Uber" adversely affected the plaintiff's interpersonal relationship. The workplace abuse at "Uber" resulted in depletion of plaintiff's cognitive and physical resources whilst coping with the stress of the abuse, leaving little resources available for use when interacting outside the workplace environment. This lead to the plaintiff's decreased quality of social relationships and conflict in intimate relationship, resulting in aggravation of plaintiff's low-testosterone condition. The aggravation of plaintiff's low-testosterone condition has resulted in plaintiff being dependent on steroids in the form of Intra-Muscular Testosterone Shots.

13

14

15

16
### COUNT-1
### INVOLUNTARY SERVITUDE (18 U.S.CODE § 1584)
17
1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.
18
2. Involuntary Servitude provisions, 18 U.S.C. Section 1584 provides that recruiting, harboring, transporting, providing, or obtaining by any means, a person for labor or services in violation of laws prohibiting slavery, involuntary servitude, peonage, bondage, and forced labor, shall subject the defendants to fines.
19

20
3. As set forth above, defendants knowingly recruited and obtained plaintiff to provide labor and services to each of the defendants without fair and reasonable compensation, prevailing wage, other benefits promised and upon psychological threat and coercion to the plaintiff.
21
4. The defendants and each of them knowingly held the plaintiff and obtained his services by means of a scheme, plan and pattern of false promises of paying back wages and equity.
22

23

24

5. The defendants by stealing the plaintiff's wages compelled and forced the plaintiff to stay in employment of the defendants against his wishes.

6. The defendant used the "Wage Theft" as a tool to force the plaintiff into involuntary servitude.

7. The defendants forced the plaintiff in not just the involuntary servitude, but forced the plaintiff to provide transportation service to the defendants' clients who were smoking illegal drugs and narcotics whilst riding in the plaintiff's vehicle.

8. The plaintiff was forced by the defendants to provide service to the defendants' clients who were smoking illegal drugs and narcotics. When the plaintiff protested against providing service to the defendants' clients who were smoking illegal drugs and narcotics whilst in the plaintiff's vehicle, the defendants terminated the plaintiff's employment.

5) The defendants also obtained the plaintiff's involuntary servitude by recklessly putting his life in great danger.

6) As a direct and proximate result of the defendants' conduct, the plaintiff has been caused to suffer a loss of wages and benefits, severe emotional distress and mental anguish, and such other damages, all to his detriment.

**WHEREFORE,** the plaintiff demands judgment against these defendants, jointly, severally, and in the alternative pursuant to 18 U.S.C. Section 1584 for compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-2
## FORCED LABOR 18 U.S. CODE § 1589

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The forced labor provisions of the, 18 U.S.C. Section 1589 establishes whoever knowingly provides or obtains a labor or services of a person by threats of serious harm to, or physical restraint against, that person or another person by means of any scheme, plan, or pattern intended to cause the person to believe that if the person did not perform such labor services that person or another person would suffer serious harm and physical restraint or by means of the abuse or threatened abuse of law or the legal process shall be fined or imprisoned, not more than twenty years, or both.

3. The defendants and each of them knowingly held the plaintiff and obtained his services by means of a scheme, plan and pattern of false promises of paying back wages and the equity.

4. The defendants by stealing the plaintiff's wages and equity compelled and forced the plaintiff to stay in employment of the defendants against his wishes.

5. The defendant used the "Wage Theft" and theft of equity as a tool to force the plaintiff into forced labor.

6. The defendants forced the plaintiff in not only the forced labor but forced the plaintiff to provide transportation service to the defendants' clients who were smoking illegal drugs and narcotics whilst riding in the plaintiff's vehicle.

7. The plaintiff was forced by the defendants to provide service to the defendants' clients who were smoking illegal drugs and narcotics. When the plaintiff protested against providing service to the defendants clients who were smoking illegal drugs and narcotics whilst in the plaintiff's vehicle, the defendants terminated the plaintiff's employment.

7) The defendants also obtained the plaintiff's forced labor by recklessly putting his life in great danger.

8) The defendants and each of them knowingly obtained plaintiff's services by their scheme plan and pattern intended to cause the plaintiff to believe that if he did not perform the labor and services, which the defendants demanded, he would suffer serious financial and/or psychological harm.

9) The defendants knowingly obtained plaintiff's services by means of the abuse or threatened abuse of financial loss and/or psychological harm. The defendants used scheme, plan and pattern and forced him to work without paying him compensation both as promised in the oral and written.

10) As a direct and proximate result of the defendants conduct aforementioned, the plaintiff has suffered damages both in the form of lost past wages, benefits promised, severe emotional distress and mental anguish, and such other economic and compensatory damages, all to his detriment.

**WHEREFORE,** the plaintiff demands judgment pursuant to 18 U.S.C. § 1589 for compensatory damages, punitive damages, costs, and such other relief as the court may deem just and proper.

### COUNT-3
### PEONAGE (18 U.S. CODE § 1581)

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants forced the plaintiff to purchase an expensive car as a condition of beginning employment and in turn pushed the plaintiff into peonage by not paying him the wages, which were agreed and promised by the defendants.

3. The defendants by stealing the plaintiff's wages and equity compelled and forced the plaintiff to stay in employment of the defendants against his wishes.

4. The defendant used the "Wage Theft" and theft of equity as a tool to force the plaintiff into peonage.

5. The defendants forced the plaintiff in not only peonage but forced the plaintiff to provide transportation service to the defendants' clients who were smoking illegal drugs and narcotics whilst riding in the plaintiff's vehicle.

6. The plaintiff was forced by the defendants to provide service to the defendants' clients who were smoking illegal drugs and narcotics. When the plaintiff protested against providing service to the defendants clients who were dealing in illegal drugs and narcotics whilst in the plaintiff's vehicle, the defendants terminated the plaintiff's employment.

7. The defendants also obtained the plaintiff's peonage by recklessly putting his life in great danger.

8. The defendants pushed the plaintiff into peonage by means of a scheme, plan and pattern.

9. The defendants by committing the preceding acts has violated 18 U.S. CODE § 1581.

10. The defendants by violating the 18 U.S. CODE § 1581, has caused grievous financial, physical and mental injury to the plaintiff.

11. As a direct and proximate result of the defendants' conduct, the plaintiff has been caused to suffer a loss of wages and benefits, severe emotional distress and mental anguish, and such other damages, all to his detriment.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

### COUNT-4
### BREACH OF CONTRACT

COMPLAINT WITH JURY DEMAND - 8

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants entered into a written and oral contract for employment in or around August 3 of 2014 wherein the defendants agreed to employ plaintiff as a Ride-Share Driver with an hourly pay of $50.00/hour and equity.

3. In addition, the defendants orally and expressly agreed that the plaintiff would be compensated as aforementioned for his services he performed for the defendants as a Ride-Share Driver and that he would have reasonable working conditions.

4. Plaintiff had duly performed each condition, covenant, and promise and obligation required on his part to be performed in accordance with the terms and conditions of the written and/or oral contract between the parties.

5. The plaintiff performed actual work for the defendants for a period of ten months.

6. The defendants and each of them breached their contract with the plaintiff by not making the promised payments required by both the written and oral contract.

7. As a direct and proximate result of the defendant's breach of contract, the plaintiff has suffered economic and compensatory damages, all to his detriment.

*WHEREFORE,* the plaintiff demands judgment against all the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-5
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The written and oral contract between the plaintiff and the defendants contained by implication of law a covenant of good faith and fair dealing. The defendants covenanted that they would not do anything in the performance or enforcement of the plaintiff's contract to impair or to frustrate the right of the plaintiff to receive the benefits he had been promised and earned.

3. The defendants willfully failed to perform under the contract aforementioned by failing to pay the plaintiff the wages and benefits promised and agreed to and as required by law by subjecting the plaintiff to unlawful working conditions. The defendants and each of them breached the implied covenant of good faith and fair dealing inherent in all contracts of employment in the State of Illinois.

4. As a direct and proximate result of the defendants' breach of the implied covenant of good faith and fair dealing, the plaintiff has suffered economic damages in the form of unpaid wages and benefits, all to his detriment.

*WHEREFORE,* the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-6
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

COMPLAINT WITH JURY DEMAND - 9

2. The actions of the defendants and each of them set forth more specifically, above in this complaint, were extreme and outrageous and were of such extreme and outrageous character not to be tolerated in a decent and civilized community.

3. The defendants knowingly, deliberately, and intentionally committed the acts alleged in this complaint against the plaintiff and recklessly disregarded the probability of causing the plaintiff severe emotional distress.

4. The defendants and each of them intentionally committed the acts alleged in this complaint against the plaintiff and caused the plaintiff to suffer fear, depression, humiliation, severe mental anguish and severe physical and emotional distress, directly and proximately causing damages to the plaintiff.

5. The defendants and each of them committed the actions set forth in this complaint with the intentions of injuring the plaintiff and in extreme disregard of the plaintiff's rights thereby, entitling plaintiff to an award of punitive damages.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-7
## VIOLATION OF THE THIRTEENTH AMENDMENT

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants acted with a malicious intent to impose a condition of debt bondage, forced labor and involuntary servitude upon the plaintiff, all against his will. The defendants did impose such conditions of forced labor, debt bondage and involuntary servitude upon the plaintiff.

3. The conditions of forced labor, involuntary servitude and peonage were enforced by means of scheme, plan and pattern of false promises of paying back wages and equity and by means of control of plaintiff's communication with other employees.

4. These acts of the defendants violated the Thirteenth Amendment of the United States Constitution 18 U.S.C. § 1581 Section 8, 18 U.S.C. § 1589, and 42 U.S.C. 1994, the defendants committed these acts knowingly, willfully and purposefully in disregard of plaintiff s' rights.

5. As a direct and proximate result of the deprivation of these Federal Constitutional Rights of the plaintiff, the plaintiff suffered severe emotional distress and mental anguish, economic damages, all to his detriment.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-8
## ALIEN TORT CLAIMS ACT ((28 U.S.C. § 1350)

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. Plaintiff further brings claims against the defendants pursuant to the Alien Tort Claims Act 28 U.S.C. § 1350.

3. The defendants and each of them obtained plaintiff's labor through illegal, psychological and other means of coercion intended to cause the plaintiff to believe that he would suffer serious harm if he did not continue to work for the defendants.

4.Such actions that the defendants committed including involuntary servitude, forced labor and peonage were in violation of the Treaties of the United States which in concert with other international instruments constitute the law of nations for purposes of the Alien Tort Act 28 U.S.C. § 1350. The controlling law of nations including the Universal Declaration of Human Rights, G. A. Res. 217A the International Covenant on Civil and Political Rights, The Slavery Convention on the Aberration Of Slavery, The Slave Trade and Institutions and Practices similar to slavery, The International Labor Organizations on Fundamental Principles and Rights Of Work, and the Convention Concerning Force or Compulsory Labor, and the Convention Concerning the Abolition of Forced Labor.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-9
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT
## (8 U.S. CODE § 1961-1968)

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants has violated the RICO by violating the following Federal Statutes, which are predicates of RICO Act.

- Peonage (18 U.S. Code § 1581)
- Forced Labor (18 U.S. Code § 1589)
- Involuntary Servitude (18 U.S. Code § 1584)
- Unlawful Bringing of Aliens into United States of America (8 U.S. Code § 1323)
- Unlawful Bringing In and Harboring Certain Aliens (8 U.S. Code § 1324)
- Unlawful Employment Of Aliens (8 U.S. Code § 1324(a))
- Unfair Immigration-Related Employment Practices (8 U.S. Code § 1324(b))
- Fraud in Foreign Labor Contracting (18 U.S. Code § 1351(a))
- Fraud and Misuse of visas, permits and documents ( 18 U.S. Code § 1546)
- Conspiracy to defraud The United States of America ( 18 U.S. Code § 371)
- Violation of (18 U.S. Code § 1593 (a))
- Prohibited Activities ( U.S. Code § 1962)
- False Claims Act (31 U.S. Code § 3729)

3. The defendants by violating the RICO has caused grievous financial, physical and mental injury to U.S. Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for treble damages, treble compensatory damages, treble punitive damages, treble costs as per the provisions of RICO Act and any other such relief as the court may deem just and proper.

## COUNT-10
### UNLAWFUL EMPLOYMENT OF ALIENS (8 U.S. CODE § 1324(a))

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants intentionally violated 8 U.S. Code § 1324(a) by hiring almost a million undocumented immigrants and Non-immigrants who are not authorized to work in United States.

3. The defendants employed and continue to employ almost a million undocumented immigrants and Non-immigrants who are not authorized to work in United States in reckless disregard that the undocumented immigrants which they are employing are present in United States in violation of 8 U.S. Code § 1324(a).

4. The defendants intentionally misclassified undocumented immigrants and Non-immigrants not authorized to work in United States, which they employed as Independent Contractors in order to circumvent I-9 verification requirements.

5. The defendants complied with I-9 verification requirements for only some of their employees and intentionally did not complied with I-9 verification requirements for almost a million of their employees who were undocumented immigrants or Non-immigrants who are not authorized to work in United States, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act and falsely attested that these undocumented immigrants and Non-immigrants as legally authorized to work in United States.

6. The defendants used misclassification of employees as independent contractors as a tool to circumvent the I-9 verification requirements and as a cover to employ almost a million undocumented immigrants and Non-immigrants who are not authorized to work in United States.

6. The defendants by committing the preceding acts has violated 8 U.S. CODE § 1324 (a).

7. The defendants by violating the 8 U.S. CODE § 1324 (a) has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT- 11
### VIOLATION OF THE AFFORDABLE CARE ACT

1. The defendants by willfully misclassifying the plaintiff as an Independent contractor has violated the Affordable Care Act.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT- 12
### VIOLATION OF THE ILLINOIS WORKERS COMPENSATION ACT (820 ILCS 305/1)

1. The defendants by willfully misclassifying the plaintiff as an Independent contractor has violated the Illinois Workers Compensation Act (820 ILCS 305).

1    **WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the

2    alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

3    

**COUNT-13**

**FRAUD AND MISUSE OF VISAS, PERMITS AND DOCUMENTS (18 U.S. CODE § 1546)**

4    1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

5    2. The defendants actively indulged, encouraged and participated in fraud and misuse of visas, permits and documents in order to have a readily available pool of cheap labor and casual employees.

6    3.The defendants by posting unskilled jobs that were available in United States in local newspapers in

7    Cuba, Mexico, South America, Central America, India, Pakistan, Bangladesh, Nepal and rest of the world, enticed and encouraged the foreign nationals to apply for Non-Immigrant Visas to come to United States for the purpose of employment. As there is no provision of a Non-Immigrant visa available for foreign

8    nationals to come and engage themselves in unskilled jobs, these foreign nationals made false representations regarding the true purpose of the proposed travel to the United States.

9    4. The defendants by employing these foreign nationals who entered into United States on Non-Immigrant Visas, which did not provided work authorization, committed fraud and misuse of visas.

10    5. The defendants aided, abetted, encouraged and enticed these foreign nationals to make false representations to the United States Consular officials and Custom and Border Protection Agents

11    regarding the true purpose of the proposed travel to the United States.

    6. The defendants violated 18 U.S. CODE § 1546  by actively indulging, encouraging and participating in

12    fraud and misuse of visas, permits and documents in order to have a readily available pool cheap labor and casual employees.

13    7. The defendants actively indulged, encouraged illegal immigration and Entry without Inspection into United States or illegal border crossing, especially from Mexico, Cuba and other countries from South

14    and Central America.

    8. The defendants willfully misclassified almost a million undocumented immigrants and Non-

15    immigrants who are not authorized to work in United States as independent contractors in order to circumvent the I-9 verification requirements.

16    10. The defendants by fulfilling I-9 verification requirements for only some of their employees and by intentionally not fulfilling I-9 verification requirements for almost a million of their employees who were

17    undocumented immigrants and Non-immigrants who are not authorized to work in United States, has misused the document for the purpose of satisfying a requirement of section 274A(b) of the Immigration

18    and Nationality Act,  by falsely attesting that these undocumented immigrants and Non-immigrants who are not authorized to work in United States as legally authorized to work in United States. The

19    defendants by willfully violating section 274A (b) of the Immigration and Nationality Act has in turn violated 18 U.S. CODE § 1546.

20    9. The defendants used misclassification of employees as independent contractors as a tool to circumvent the I-9 verification requirements and as a cover to employ almost a million undocumented

21    immigrants and Non-immigrants who are not authorized to work in United States.

    10. The violation of 18 U.S. CODE § 1546 is also a predicate of RICO Act.

22

23

24

COMPLAINT WITH JURY DEMAND - 13

11. The defendants by violating the 18 U.S. CODE § 1546 _has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

### COUNT-14
### CONSPIRACY TO DEFRAUD THE UNITED STATES OF AMERICA (18 U.S. CODE § 371)

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants by violating (18 U.S. CODE § 1546), (8 U.S. Code § 1324(a)), (8 U.S. Code § 1324), (8 U.S. Code § 1323), (8 U.S. Code § 1324(b)), (U.S. Code § 1962), (31 U.S. Code § 3729) has conspired and defrauded United States of America.

3. The defendants by violating (18 U.S. CODE § 1546), (8 U.S. Code § 1324(a)), (8 U.S. Code § 1324), (8 U.S. Code § 1323), (8 U.S. Code § 1324(b)), (U.S. Code § 1962), (31 U.S. Code § 3729), not only conspired to defraud the United States of America but has also caused grievous injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States by engaging in a pattern of racketeering, by encouraging illegal immigration and Entry without Inspection into United States of America from Mexico, Cuba and other countries from South and Central America, and by knowingly hiring almost one million undocumented immigrants and Non-immigrants who are not authorized to work in United States and by depressing the wages and working conditions of United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

4. The defendants by violating the 18 U.S. CODE § 371_has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

### COUNT-15
### PROHIBITED ACTIVITIES (U.S. CODE § 1962(C))

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendant has violated (U.S. CODE § 1962 (C), by receiving income derived, directly or indirectly, from a pattern of racketeering activity.

3. The defendants has violated (U.S. CODE § 1962 (C), by using the income derived, directly or indirectly, from a pattern of racketeering activity to invest directly or indirectly, in acquisition of interests in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

4. The defendants by violating the 18 U.S. CODE § 1962 (c), has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for treble damages, treble compensatory damages, treble punitive damages, treble costs as per the provisions of 18 U.S. CODE § 1962 (c) and such other relief as the court may deem just and proper.

## COUNT-16
### FALSE CLAIMS ACT

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants by posting unskilled jobs that were available in United States in local newspapers in Cuba, Mexico, South America, Central America, India, Pakistan, Bangladesh, Nepal and rest of the world, enticed and encouraged the foreign nationals to apply for Non-Immigrant Visas to come to United States for the purpose of employment. As there is no Non-Immigrant Visa available for foreign nationals to come and engage themselves in unskilled jobs, these foreign nationals made false representations regarding the true purpose of the proposed travel to the United States.

3. The defendants aided, abetted, encouraged and enticed these foreign nationals to make false representations to the United States Consular officials and Custom and Border Protection Agents regarding the true purpose of the proposed travel to the United States.

4. The defendants by indulging in the preceding acts violated the False Claims Act (31 U.S. Code § 3729).

5. The defendants by violating the (31 U.S. Code § 3729),has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-17
### FRAUD IN FOREIGN LABOR CONTRACTING (18 U.S. CODE § 1351(A))

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants hired the plaintiff, a foreign national allowed to work in United States for purposes of employment in the United States by means of materially false or fraudulent pretenses, representations and promises regarding that employment.

3. The defendants by violating the 18 U.S. CODE § 1351 (a) has caused grievous financial, physical and mental injury to the plaintiff.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-18

COMPLAINT WITH JURY DEMAND - 15

## UNFAIR IMMIGRATION-RELATED EMPLOYMENT PRACTICES (18 U.S. CODE § 1324(B))

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants discriminated in employing United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

3. The defendants gave preference in employing undocumented immigrants and Non-immigrants who are not authorized to work in United States instead of employing United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

4. The defendants by violating the 18 U.S. CODE § 1324(b)), has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

*WHEREFORE,* the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-19
## UNLAWFUL BRINGING OF ALIENS INTO UNITED STATES OF AMERICA (8 U.S. CODE § 1323)

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants by posting unskilled jobs that were available in United States in local newspapers in Cuba, Mexico, South America, Central America, India, Pakistan, Bangladesh, Nepal and rest of the world, enticed and encouraged the foreign nationals to apply for Non-Immigrant Visas to come to United States for the purpose of employment. As there is no Non-Immigrant Visa available for foreign nationals to come and engage themselves in unskilled jobs, these foreign nationals made false representations regarding the true purpose of the proposed travel to the United States.

3. The defendants aided, abetted, encouraged and enticed these foreign nationals to make false representations to the United States Consular officials regarding the true purpose of the proposed travel to the United States.

4. The defendants by indulging in the preceding acts violated the 8 U.S. CODE § 1323.

5.The defendants by violating the (8 U.S. CODE § 1323),has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the plaintiff who are authorized to work in United States.

*WHEREFORE,* the plaintiff demands judgment against the defendants jointly, severally, and in the alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

## COUNT-20
## UNLAWFUL BRINGING IN AND HARBORING CERTAIN ALIENS (8 U.S. CODE § 1324)

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

2. The defendants in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transported the undocumented immigrants and Non-immigrants who

1    are not authorized to work in United States to underserved areas of their business within United States with a promise of extra bonus.

2    3. The defendants aided, abetted, conspired, encouraged and induced aliens to come to, enter, or reside in the United States, in reckless disregard of the fact that such coming to, entry, or residence is or will

3    be in violation of law.

4    4. The defendants harbored and employed almost a million undocumented immigrants and Non-immigrants who are not authorized to work in United States with actual knowledge that the undocumented immigrants and Non-immigrants they are employing and continue to employ has come

5    to, entered and remains in the United States in violation of 8 U.S. CODE § 1324.

5. The defendants harbored, concealed, shielded from detection and continue to harbor, conceal and

6    shield from detection  almost a million undocumented immigrants and Non-immigrants who are not authorized to work in United States by misclassifying the undocumented immigrants as Independent

7    Contractors in order to circumvent I-9 verification requirements.

6.The defendants by harboring, concealing, shielding from detection and by continuing to harbor,

8    conceal and shield from detection, "substantially facilitated" the remaining of the undocumented immigrants and Non-immigrants who are not authorized to work in United States in violation of 8 U.S.

9    CODE § 1324.

7. The defendants by harboring, concealing, shielding from detection and by continuing to harbor,

10   conceal and shield from detection, "substantially facilitated" the undocumented immigrants and Non-immigrants who are not authorized to work in United States to evade and avoid detection by law

11   enforcement in violation of 8 U.S. CODE § 1324.

8. The defendants by committing the preceding acts has violated 8 U.S. CODE § 1324.

12   9. The defendants by violating the 8 U.S. CODE § 1324,has caused grievous financial, physical and mental injury to United States Citizens, Permanent Resident Aliens and other legal immigrants including the

13   plaintiff who are authorized to work in United States.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the

14   alternative for damages, compensatory damages, punitive damages, costs and such other relief as the court may deem just and proper.

15

### COUNT-21
### UNJUST ENRICHMENT

16

1. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set

17   forth herein at length.

2. The defendants by projecting the plaintiff as a tangible asset to the investors has raised $62.5 Billion.

18   3. Allowance of defendants to retain benefit would be unjust under the circumstances.

4. The defendants conduct was malicious, fraudulent, oppressive and recklessly committed, with wanton

19   disregard of plaintiff's rights.

5. As a result of the conduct described above, the defendants have been unjustly enriched at the expense

20   of the plaintiff.

6. The defendants should be required to disgorge all monies, profits and gains, which they have obtained

21   or will unjustly obtain in the future at the expense of the plaintiff.

**WHEREFORE,** the plaintiff demands judgment against the defendants jointly, severally, and in the

22   alternative for damages, compensatory damages, punitive damages, costs in the amount of **Ten Billion (10,000,000,000) dollars and an equity stake in "Uber".**

23

24

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## CERTIFICATION

I, Abdul Mohammed, certify that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Dated this 24th of February 2016.

_____

Abdul Mohammed

COMPLAINT WITH JURY DEMAND - 18