# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Abdul Mohammed, | ) |
| | ) |
|     *Plaintiff,* | ) Case No. 16-cv-2537 |
| | ) |
|     v. | ) Judge John Z. Lee |
| | ) |
| Uber Technologies, Inc., *et al.*, | ) |
| | ) |
|     *Defendants.* | ) |

## Plaintiff's Proposed Findings of Fact and Conclusions of Law

**I.    Proposed Findings of Fact.**

1. In 2014, Uber had no established practice for how to sign-up persons to act as drivers on its platform.[1]

2. Shea Munion was employed by Uber in October 2014.

3. Shea Munion was the Uber representative who assisted Abdul Mohammed in becoming authorized to drive for Uber on its platform and by using its software.

4. In 2014, Shea Munion had no established habit in how to sign-up persons to act as drivers on Uber's platform.

5. Shea Munion did not go through the terms in Def. Ex. 1 with Abdul Mohammed.

6. Shea Munion did not go through the terms in Def. Ex. 1 with any Uber driver.

7. Shea Munion did not tell Abdul Mohammed that by signing up to drive for Uber Mohamed agreed to resolve any disputes with Uber through arbitration.

---

[1] In these proposed findings, the defendants are referred to by the singular "Uber."

8. Shea Munion did not tell any Uber driver that by signing up to drive for Uber they agreed to resolve any disputes with Uber through arbitration.

9. In 2014, Uber required someone to twice click a box with the words "Yes, I agree" in order to activate an Uber driver account and indicating they accepted the terms in Def. Ex. 1.

10. In 2014, Uber did not maintain procedures to ensure that the Uber driver was the person who clicked the "Yes, I agree" box while activating their Uber driver account and indicating that they accepted the terms in Def. Ex. 1.

11. In 2014, Uber maintained no records as to who clicked the "Yes, I agree" box during the driver sign-up process.

12. At all relevant times, Uber had an active email address for Abdul Mohammed.

13. Uber never emailed the terms in Def. Ex. 1 to Abdul Mohammed.

14. At all relevant times, Uber had a postal address for Abdul Mohammed.

15. Uber never mailed the terms in Def. Ex. 1 to Abdul Mohammed.

16. Uber did not communicate an offer to resolve disputes by resort to arbitration to Abdul Mohammed.

17. Uber did not communicate the terms in Def. Ex. 1 to Abdul Mohammed.

18. Abdul Mohammed did not communicate to Uber that he agreed to resolve his disputes with it by resort to arbitration.

19. Abdul Mohammed did not communicate to Uber that he accepted the terms in Def. Ex. 1.

20. Abdul Mohammed did not accept any terms as a condition of driving for Uber or using Uber's software.

21. At no time did Abdul Mohammed subjectively believe that he had agreed to resolve any disputes with Uber by resort to arbitration.

22. On October 1, 2014, Shea Munion handed Abdul Mohammed an iphone that allowed Abdul Mohammed to provide labor through the Uber software and on the Uber platform.

23. In the terms set forth in Def. Ex. 1, Uber reserved itself the right to unilaterally change any of the terms.

24. The terms set forth in Def. Ex. 1 lack consideration.

25. Def. Ex. 1 is a form contract.

**II.     Proposed Conclusions of Law.**

1. Uber and Abdul Mohammed did not agree to resolve their disputes by resort to arbitration.

Date:   July 28, 2017                                         Respectfully submitted,

                                                              s/ Michael P. Persoon

Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St., Ste. 711
Chicago, Illinois 60602
(312) 372-2511
mpersoon@dsgchicago.com